UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN MEGGS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VEGAS DEVELOPMENT LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | Case No. 2:21-cv-01413-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Compel Proper Responses Regarding Defendant's Initial Disclosures and Discovery Responses. ECF No. 19. The Court reviewed the Motion, the Response (ECF No. 20) and Reply (ECF No. 21). While the Court set this for hearing, upon review the Court finds this matter is properly decided without a hearing at this time.

The requirements found in Fed. R. Civ. P. 37(1)(a) and Local Rule ("LR") 26-6(c) mandate that a party filing a motion to compel (or other discovery related motion) must meet and confer with the opposing party in a good faith effort to resolve the discovery dispute before filing its motion. *Westwood v. JP Morgan Chase Bank, N.A.*, Case No. 16-cv-2409-RFB-GWF, 2017 WL 5068515, at *1 (D. Nev. Aug. 9, 2017), *citing Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 171 (D. Nev. 1996); *Walker v. North Las Vegas Police Depart.*, Case No. 2:14-cv-01475-JAD-NJK, 2016 WL 427063, *2 (D. Nev. Feb. 3, 2016); LR 26-6(c); LR IA 1-3. One requirement of the Local Rules mandates the moving party include a certification setting forth his/her/its meet and confer efforts and the results of those efforts with the filed motion. LR 26-6(c) incorporating LR IA1-3(f)(2). As this district has held many times, the Court should not consider a motion to compel unless the moving party provides a "declaration stating all meet-and-confer efforts, including the time, place, manner, and participants[; and] that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention." LR IA 1-3(f)(2); *see also Shufflemaster*, 170 F.R.D. at 170.

1  Plaintiff has not provided such a declaration and the evidence submitted regarding what meet and confer did occur does not evidence a good faith effort to resolve or narrow the dispute.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Proper Responses Regarding Defendant's Initial Disclosures and Discovery Responses (ECF No. 19) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff must cooperate with Defendant to set a meet and confer conference by telephone or video conference in an effort to resolve or narrow each issue related to the discovery concerns raised in Plaintiff's Motion. The Court expects both parties to discuss all issues raised by Plaintiff and make sincere efforts to resolve those issues as the obligations to meet and confer are mutual.

IT IS FURTHER ORDERED that the hearing set for March 16, 2022 at 3 p.m. D.S.T. is VACATED.

Dated this 14th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE